IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JAMES WASHINGTON, JR., #366894,<br>    Plaintiff,<br><br>v.<br><br>LT. SIMS, et al.,<br>    Defendants. | § <br> § <br> § <br> § <br> § <br> § <br> § | 3:10-CV-2332-N |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b) and Special Order 3 this case has been referred for screening.

**I. BACKGROUND**

Plaintiff, a state inmate confined within the Texas Department of Criminal Justice at the Powledge Unit in Palestine, Texas, filed this *pro se* civil rights action against Lt. Sims and Lt. Plentyl. He neither paid the filing fee nor sought leave to proceed in forma pauperis. The court did not issue process pending preliminary screening.[1]

**II. ANALYSIS**

**A.  Plaintiff is permanently enjoined from filing new civil actions without leave of court**.

A search of cases filed in federal district courts in Texas reflects that Plaintiff has been sanctioned and barred from filing unless he seeks leave to file from a United States district judge or magistrate judge. Earlier this year, the U.S. District Court for the Eastern District of

---

[1] Contemporaneously with this action, Plaintiff submitted three additional complaints. *See* Nos. 3:10-CV-2329-B-BK, 3:10-CV-2331-M-BH, and 3:10-CV-2332-N-BF. In October, he filed a prior action. *See* No. 3:10-CV-2083-M-BK.

Texas applied a sanction previously imposed against Plaintiff in the U.S. District Court for the Western District of Texas for making false statements in court filings. *See Washington v. Web*, No. 6:10-CV-0114 (E.D. Tex. 2010) (citing *Washington v. Green*, 5:96-CV-77 (W.D.Texas, Waco Div., April 9, 1996), appeal dismissed for want of jurisdiction, No. 96-50452 (5th Cir. Aug. 6, 1996)). As a result of the Western District sanction order, Plaintiff is permanently enjoyed from initiating any new civil actions without first obtaining written permission from a United States district or magistrate judge. *Id.* This Court, like the Eastern District of Texas, honors sanctions imposed by other federal district courts within the State of Texas. *See* Miscellaneous Order No. 48 (N.D. Tex. Nov. 15, 1993) (permitting Northern District of Texas to enforce sanctions imposed by another federal court in Texas against Texas Department of Criminal Justice inmates); *see also Balawajder v. Scott*, 160 F.3d 1066, 1067-68 (5th Cir. 1998) (approving district court's policy of honoring sanction order of another district court where prisoner had long history of involvement in frivolous litigation).

Accordingly, because Plaintiff did not seek and obtain leave of court to file the complaint in this case, the present action should be dismissed.

### B. Plaintiff is also precluded from filing this action under the "three strikes" provision of section 1915(g).

Plaintiff's complaint faces a second barrier. 28 U.S.C. § 1915(g), the "three-strike" provision of the Prison Litigation Reform Act (PLRA), precludes a prisoner from bringing a civil action *in forma pauperis* if on three or more prior occasions, while confined as a prisoner, he filed civil actions or appeals in federal court which were dismissed, either by a district court or appellate court, as being frivolous, malicious, or for failing to state a claim. *See Jackson v. Johnson*, 475 F.3d 261, 265 (5th Cir. 2007); *Adepegba v. Hammons*, 103 F.3d 383, 387-88 (5th

Cir. 1996).

Plaintiff has had three prior civil actions dismissed as frivolous or for failure to state a claim upon which relief may be granted. *See Washington v. Green*, No. W:96-CV-77 (W.D. Tex., Waco Div., Apr. 9, 1996) (dismissed with prejudice as frivolous for submitting false pleadings), appeal dismissed for want of jurisdiction, No. 96-50452 (5th Cir. Aug. 6, 1996); *Washington v. Dodd, et al.*, No. W:92-CV-200 (W.D. Tex. Feb. 2, 1992) (dismissed as frivolous under former 28 U.S.C. § 1915(d)), *affirmed*, 5 F.3d 1495, 1993 WL 391504 (5th Cir. Sep. 23, 1993) (unpublished *per curiam*); and *Washington v. Parker, et al.*, No. W:93-CV-376 (W.D. Tex. Apr. 27, 1995) (dismissed with prejudice for failure to state a claim), *affirmed*, 53 F.3d 1283, 1995 WL 295953 (5th Cir. Apr. 27, 1995) (unpublished *per curiam*).[2]

Having accumulated three "strikes," section 1915(g) precludes Plaintiff from proceeding in this action *in forma pauperis* unless he alleges a claim of "imminent danger of serious physical injury" at the time of filing the complaint. *See Banos v. O'Guin*, 144 F.3d 883, 884 (5th Cir. 1998). The complaint, even when liberally construed, presents no claim that Plaintiff was in danger of any physical injury at the time of filing the same. *See Carson v. Johnson*, 112 F.3d 818, 822-823 (5th Cir. 1997). While Plaintiff references three threats from Lt. Sims, he fails to state when those threats occurred. Therefore, the District Court should bar Plaintiff from proceeding *in forma pauperis* under § 1915(g). *See Adepegba*, 103 F.3d at 388.

---

[2] The Eastern District of Texas previously found Plaintiff barred by the three-strike provision. *See Washington v. Web*, No. 6:10-CV-0114 (E.D. Tex., Tyler Div., 2010) (dismissed as barred by sanction and three-strike provision), appeal dismissed for want of prosecution, No. 10-40587 (5th Cir. Aug. 26, 2010); *Washington v. Standholt*, No. 6:07-CV-470 (E.D. Tex., Tyler Div., Dec. 21, 2007) (same), appeal dismissed for want of prosecution, No. 08-40028 (5th Cir. Jul. 16, 2008); *Washington v. Sims*, No. 6:08-CV-379 (E.D. Tex., Tyler Div., Mar. 17, 2009) (same), appeal dismissed for want of prosecution, No. 09-40367 (5th Cir. May 27, 2009).

## III. RECOMMENDATION

For the foregoing reasons, it is recommended that the District Court **DISMISS** this action as barred by the Western District sanction order and the three-strike provision of 28 U.S.C. § 1915(g). Such dismissal is with prejudice to the refiling of an *in forma pauperis* lawsuit raising the same claims as herein presented, but without prejudice to the refiling of this lawsuit with full payment of the $350.00 filing fee. Should Plaintiff elect to pay the filing fee and refile his case, he should be aware that in addition to the payment of the fee, he must also show that he has fully complied with all of the sanctions imposed upon him. Any attempt to refile this lawsuit without satisfying these conditions could result in the dismissal of the refiled lawsuit as well as the imposition of additional sanctions, monetary or otherwise.

SIGNED this 13th day of December, 2010.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner

provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).